1  Marc J. Randazza, #027861
   RANDAZZA LEGAL GROUP, PLLC
2  2764 Lake Sahara Drive, Suite 109
   Las Vegas, NV 89117
3  Tel: (702) 420-2001
   ecf@randazza.com
4
   David S. Gingras, #021097
5  GINGRAS LAW OFFICE, PLLC
   4802 E. Ray Road, #23-271
6  Phoenix, AZ 85044
   Tel.: (480) 264-1400
7  Fax: (480) 248-3196
   David@GingrasLaw.com
8
   John C. Burns, MBE# 66462*
9  Burns Law Firm
   P.O. Box 191250
10 Saint Louis, MO 63119
   Tel: 314-329-5040
11 Fax: 314-282-8136
   TBLF@pm.me
12
   Attorneys for Plaintiffs
13 TPG Communications, LLC and Jordan Conradson

   *pro hac vice forthcoming

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TGP Communications, LLC, d/b/a The Gateway Pundit, a Missouri limited liability company; and Jordan Conradson, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Jack Sellers, Thomas Galvin, Bill Gates, Clint Hickman, and Steve Gallardo, in their respective official capacities as members of the Maricopa County Board of Supervisors; Stephen Richer, in his official capacity as the Maricopa County Recorder; Rey Valenzuela and Scott Jarrett, in their official | Case No. _____<br><br>**DECLARATION OF<br>JORDAN CONRADSON** |

- 1 -
Declaration of Jordan Conradson

capacities as Maricopa County Election Directors; and Megan Gilbertson and Marcus Milam, in their official capacities as Maricopa County Communications Officers,

Defendants.

## DECLARATION OF JORDAN CONRADSON

I, Jordan Conradson, declare the following:

1. I am a Plaintiff in this matter and I am a reporter with Plaintiff TGP Communications, LLC, d/b/a The Gateway Pundit.

2. I have reviewed the facts and allegations in Plaintiffs' Complaint and *Ex Parte* Motion for a Temporary Restraining Order and I have personal knowledge of them. The facts and allegations in these documents are true and correct.

3. On or about September 27, 2022, I applied for press credentials to view the vote tabulation process in Maricopa County, Arizona and to participate in press conferences given by its officials.

4. On or about September 30, 2022, I received a notice from the Maricopa County Elections Department denying my request for press credentials. The denial email specifically stated:

> Thank you for applying for a Maricopa County Press Pass. This email is to notify you that you have been denied a press credential based on the following criteria which is listed on Maricopa.gov:
>
> - #4[sic]: You (a) do not avoid real or perceived conflicts of interest and (b) are not free of associations that would compromise journalistic integrity or damage credibility. Therefore, you are not a bona fide correspondent of repute in your profession.

5. After receiving this notice, I continued to report on matters of public concern in Maricopa County. However, on November 10, 2022, Maricopa County went even

further and did not allow me to remain on the curtilage of the Maricopa County Elections Office and ejected me completely from the property, not even allowing me to be outside the gate to cover the events inside in any manner at all. Upon being ejected, the government used a drone to follow me to further intimidate me from continuing to make any meaningful effort at newsgathering.

6. National elections are some of the most important events any press outlet can cover and report on. They are the greatest test of a functioning democracy, and since 2020 there have been serious questions raised regarding the integrity of these elections, including in Maricopa County.

7. Responsible reporting on this issue of paramount concern requires access to primary sources of information, which requires access to the premises of relevant elections offices.

8. Maricopa County's illegal and unconstitutional actions have harmed my ability to exercise my First Amendment rights, particularly as a member of the press. I am a reporter at a political blog, the Gateway Pundit, that reports a perspective that is usually ignored by the corporate-owned press. Our readers expect me – particularly in a hotly contested election – to probe and challenge public entities and public officials to ensure that each are properly fulfilling their obligations to the citizens of the United States.

9. Being arbitrarily blocked from engaging public officials in their press conferences prevents me from doing my job as a journalist. I cannot gain any first-hand information. I cannot report any information. Even if I am capable of obtaining some information that is newsworthy on this subject, Defendants' actions have made it essentially impossible to verify such information so that I can responsibly and ethically

discharge my duties as a journalist. Without access, all of these common and necessary components of journalism are made significantly more difficult.

10. Aside from hampering my ability to report the news, Defendants blocking my access to government officials has also placed me at a distinct disadvantage compared to other journalists who have not been barred access.

11. I am well aware of the "actual malice" standard set out in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). This standard establishes that a public figure plaintiff may sue a journalist for defamation if the journalist published with actual malice. One of the surest ways to avoid a finding or allegation of actual malice when reporting on public officials is to actually confront these officials and ask them for comment.

12. By barring me from access to such officials, Defendants have also made it significantly more dangerous to report on issues related to the 2022 election. I do not have the ability to properly verify news stories I wish to publish about the election, which means I am much more likely to be sued for any pieces I publish. This has made me much more wary about publishing anything on this subject.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 / 12 / 2022 .

*Jordan Conradson*
Jordan Conradson