Marc J. Randazza, #027861
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Tel: (702) 420-2001
ecf@randazza.com

David S. Gingras, #021097
GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

John C. Burns, MBE# 66462*
Burns Law Firm
P.O. Box 191250
Saint Louis, MO 63119
Tel: 314-329-5040
Fax: 314-282-8136
TBLF@pm.me

Attorneys for Plaintiffs
TPG Communications, LLC and Jordan Conradson

*pro hac vice*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| TGP Communications, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Jack Sellers, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01925-JJT <br><br> **PLAINTIFFS' MOTION FOR LIMITED EARLY DISCOVERY** |

Plaintiffs TPG Communications, LLC d/b/a The Gateway Pundit and Jordan Conradson ("Plaintiffs") respectfully move this Court for leave to take limited early discovery for the purpose of discovery the identity of unknown individuals who have made threats against the Court and other individuals involved in this litigation.

## 1.0 Introduction

This case involves Defendants' infringement of Plaintiffs' First Amendment rights based upon certain unsupported allegations made by the Defendants. One of these allegations is that The Gateway Pundit's readers have made death threats to Maricopa County officials in the past. Now that this case has entered litigation, an unknown third party (or third parties) has attempted to discredit The Gateway Pundit by attempting to threaten and publish personal information about certain individuals in this litigation using the comments section on The Gateway Pundit's website, which is managed by a third-party platform, Disqus. Plaintiffs do not support these threats no matter their source and seek limited early discovery to determine the identities of anyone behind the campaign.

Specifically, Plaintiffs request early discovery in the following form:

- Leave to serve a subpoena upon Disqus for the IP address and any other identifying information relating to the accounts that posted threats on The Gateway Pundit's website;
- Leave to serve requests for production of documents to the Maricopa County Attorney's Office for a copy of any alleged threats sent to counsel for Defendants, along with any associated metadata;
- Leave to serve subpoenas on any internet service provider associated with an IP address related to an account that posted any threats on The Gateway Pundit's website or transmitted any threats to counsel for Defendants; and,
- Leave to conduct further third party discovery that may be necessary to identify the individual(s) who posted or transmitted any threats related to this case.

## 2.0 Factual Background

Plaintiff Jordan Conradson, a journalist for The Gateway Pundit ("TGP"), applied for and was denied press credentials by Maricopa County. Among the reasons Defendants have argued that Plaintiffs should not be given these credentials is that TGP was somehow the source, or the instigation, of threats against Maricopa County government officials. *See* Dkt. No. 17 at 12-13. The relief sought in this motion will illuminate whether this was the case, or whether these comments were made by interlopers seeking to discredit TGP.

Since filing this lawsuit, a number of comments have appeared under articles on TGP's website containing threats against certain individuals involved in this litigation, including the Court. *See, e.g.,* **Exhibit 1**. Each time such a comment has been posted, Plaintiffs removed them as quickly as possible. TGP has also published a warning to all readers that such conduct is intolerable, and that TGP would work to bring them to justice. *See* **Exhibit 2**.

Plaintiffs are unable to identify the author(s) of the posts, which are made through a third party platform, Disqus. Although Plaintiffs have asked Disqus for the information informally, they will not provide the information without a valid subpoena. *See* **Exhibit 3**. Plaintiffs have also been voluntarily providing all information in their possession to the United States Marshals Service.[1]

In addition, an attorney for the Defendants claimed to have received threats. Documentation of this purported threat has not been provided to counsel for Plaintiffs, despite their request. *See* **Exhibit 4**. Plaintiffs have been unable to find any threats against

---

[1] This motion would have been filed sooner, but the Plaintiffs were seeking input as to whether the Marshals Service would be taking similar action, or if this motion would in any way interfere. The Marshals Service has not indicated that it would interfere with their investigation. Therefore, TGP seeks this information to aid in this litigation, but fully intends to share all of the results of this early discovery with the Marshals Service as well.

1 that attorney on the Disqus platform despite diligently searching. Nevertheless, TGP does
2 not in any way suspect that these threats did not exist.

3     Plaintiffs do not believe that the threats are genuine. Instead, Plaintiffs believe that
4 the threats have been authored by individuals who wish to delegitimatize TGP and harm
5 its position in this litigation. Nevertheless, whether posted by friend or foe, the identity of
6 the bad actors is important for this case.

**3.0    Procedural History**

8     Plaintiffs filed this action on November 12, 2022. Pursuant to a stipulation between
9 the Parties, Defendants response to Plaintiffs' Complaint is currently due on December 30,
10 2022. No conference pursuant to Fed. R. Civ. P. 26(f) has been held in this case.

**4.0    Argument**

12     The Federal Rules allow early discovery in a case upon a showing of good cause.
13 There is good cause here because failing to obtain the discovery now could render it useless
14 if the information is lost. Further, there is no prejudice to adverse parties in this case.
15 Plaintiffs have requested the Defendants position on the relief requested in this motion, and
16 Defendants have, despite repeated requests, not responded to these queries.

17     Rule 26(d) of the Federal Rules of Civil Procedure generally provides that discovery
18 may not commence until the parties have conferred as required by Rule 26(f). However, it
19 also specifies that discovery may be conducted prior to the Rule 26(f) conference "when
20 authorized by … court order." Fed. R. Civ. P. 26(d)(1); *see also Third Degree Films, Inc.*
21 *v. Does 1-131*, 280 F.R.D. 493, 493 (D. Ariz. 2012).

22     A party seeking to propound discovery prior to the Rule 26(f) conference must meet
23 a standard of showing "good cause" as to why the discovery should be allowed. *Yokohama*
24 *Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). "Good cause

may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Mach 1 Air Servs. v. Mainfreight, Inc.*, No. CV-14-01444-PHX-SPL, 2015 U.S. Dist. LEXIS 192451, at *2-3 (D. Ariz. Mar. 5, 2015) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

### 4.1 The requested discovery is relevant.

There is good cause to allow the early discovery as requested by Plaintiffs. First, the discovery is relevant to the claims and defenses in this case. Pursuant to Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Here, the discovery is relevant. Defendants allege that Reuters claimed that Plaintiffs' writings incited threats of violence. However, targeted discovery will show who the true source of these most recent threats are: an ordinary TGP reader or an instigator who is attempting to damage TGP's reputation.[2] If the latter (as Plaintiffs strongly suspect), this evidence will be relevant in refuting this argument. Even if the author of the threats is a TGP fan, which Plaintiffs do not believe to be the case, serving discovery upon that individual will not only be in the interest of justice, but will also allow Plaintiffs to interrogate the extent to which Plaintiffs' writings contributed (or did not contribute) to their illegal conduct.

---

[2] Plaintiffs do not concede that this is a valid cause for censorship, but it remains an issue to prove in this case.

**4.2　The discovery is urgent.**

Plaintiffs cannot wait until after Defendants have answered, and the parties have held a Rule 26(f) conference. The information sought is time sensitive. In order to identify these criminals, Plaintiffs will need to first subpoena Disqus for the relevant IP addresses. Even if it takes, at best, two weeks for Disqus to respond to that subpoena, the IP addresses alone will not identify the individuals. Plaintiffs will then have to identify the corresponding internet service providers that correspond to those IP addresses in order to subpoena them for subscriber records that relate to the IP addresses. Based on that information, the individuals may be identified.

The process takes significant time. If Plaintiffs do not start this process now, by the time they request the information from the internet service providers, the information may be purged from their records. Ordinarily, a party may serve litigation hold letters on the internet service providers, but Plaintiffs do not yet know who the service providers are, and even if they did, the service providers would certainly not agree to hold *all* of their logs until the individual IP addresses are identified. Further, IP addresses assigned to subscribers change over time. Under a dynamic IP address system, the IP address assigned to a subscriber may change as often as every few days, weeks, or months, depending on the provider. *See* "What is a Dynamic IP Address?", No-IP.com (accessed Dec. 7, 2022).[3]

Accordingly, it is important that the discovery be propounded now, and not after a Rule 26(f) conference can be held. If, rather than answering, Defendants move to dismiss this action, discovery might not begin until well into the next year.

---

[3] Available at: <https://www.noip.com/support/knowledgebase/what-is-a-dynamic-ip-address/>

### 4.3 There is no prejudice in allowing the requested discovery.

Allowing the requested discovery will not prejudice any party to this action or any third party. Defendants have no particular interest that will be impacted; the discovery will be directed at third party Disqus and internet service providers. Defendants have no interest in avoiding the discovery because they do not bear any liability for the conduct at issue. Further, the individuals who posted the threats will also not be prejudiced. Threatening others is a crime. The subjects of this investigation should enjoy no comfort from delay.

### 5.0 Conclusion

In light of the foregoing, Plaintiffs ask that this Court grant them leave to take the requested discovery in the form identified herein.

Dated: December 7, 2022.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, #027861
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118

David S. Gingras, #021097
GINGRAS LAW OFFICE, PLLC
4802 E. Ray Road, #23-271
Phoenix, AZ 85044

John C. Burns, MBE# 66462*
BURNS LAW FIRM
P.O. Box 191250
Saint Louis, MO 63119

Attorneys for Plaintiffs
TPG Communications, LLC and
Jordan Conradson

*pro hac vice

Case No. 2:22-cv-01925-JJT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
MARC J. RANDAZZA