**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TGP Communications LLC, *et al.*, | No. CV-22-01925-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Jack Sellers, *et al.*, | |
| Defendants. | |

At issue is the Motion for Limited Early Discovery (Doc. 30, "Mot.") filed by Plaintiffs TGP Communications, LLC d/b/a The Gateway Pundit and Jordan Conradson, to which Defendants—several Maricopa County officials—filed a Response (Doc. 33, "Resp."), and Plaintiffs filed a Reply (Doc. 34). For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' motion.

The Court may authorize early discovery before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). Courts in the Ninth Circuit use the "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *See, e.g.*, *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *J.P. Morgan Secs., LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151, at *2 (D. Ariz. Sept. 7, 2022) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Here, Plaintiffs request early discovery in the following form:

1. Leave to serve a subpoena upon Disqus for the IP address and any other identifying information relating to the accounts that posted threats on The Gateway Pundit's website;

2. Leave to serve requests for production of documents to the Maricopa County Attorney's Office for a copy of any alleged threats sent to counsel for Defendants, along with any associated metadata;

3. Leave to serve subpoenas on any internet service provider associated with an IP address related to an account that posted any threats on The Gateway Pundit's website or transmitted any threats to counsel for Defendants; and,

4. Leave to conduct further third party discovery that may be necessary to identify the individual(s) who posted or transmitted any threats related to this case.

The parties dispute the relevance of each of these four requested items of discovery. (*See* Mot. at 3–4, 5; Resp. ¶¶ 2–5.) Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Wells Fargo N.A. v. Wyo Tech Invest. Grp., LLC*, 385 F. Supp. 3d 863, 874 (D. Ariz. 2019) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The Court finds the requested discovery relevant to the extent it bears on allegations that Plaintiffs and/or their writings have instigated—or at least been associated with—threats that have been brought into issue in this case. Item (1) therefore is relevant even though the more recent threats occurred after the denial of press credentials at the heart of this lawsuit (*see* Doc. 30, Ex. 1), because it is conceivable that discovery regarding the more recent threats could lead to information that could aid Plaintiffs in refuting allegations

associating them with these kinds of threats. However, item (2) is not relevant because threats against Defendants' counsel are not before the Court and do not in fact appear related to any posts made in the comments sections on Plaintiffs' website. (*See* Resp. ¶ 4.) The same is true regarding items (3) and (4) to the extent they pertain to threats against Defendants' counsel. Thus, discovery will be limited to that which may be necessary to identify the individual(s) who posted any threats related to this case on Plaintiffs' website.

The Court finds that in light of the time-sensitive nature of the discovery requested, Plaintiffs' need for the discovery requested in items (1), (3) and (4), as modified based on the foregoing, outweighs any prejudice to the responding parties. However, the requested discovery appears to be time sensitive only to the extent it relates to subpoenas to Disqus and internet service providers for information that may soon be purged from their records. (*See* Mot. at 6.) The same would not appear to be true of information that may be obtained by communicating with the individual(s) identified as being associated with threats posted on Plaintiffs' website. The Court therefore grants Defendants' request prohibiting, at this stage of the litigation, either party from contacting the individual(s) in any way.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiffs' Motion for Limited Early Discovery (Doc. 30).

**IT IS FURTHER ORDERED** granting Plaintiffs leave to take early discovery in the following form:

1. Plaintiffs may serve a subpoena upon Disqus for the IP address and any other identifying information relating to the accounts that posted threats on The Gateway Pundit's website;

2. Plaintiffs may serve subpoenas on any internet service provider associated with an IP address related to an account that posted any threats on The Gateway Pundit's website; and,

3. Plaintiffs may conduct further third party discovery that may be necessary to identify the individual(s) who posted any threats related to this case on The Gateway Pundit's website.

1   **IT IS FURTHER ORDERED** that the discovery authorized by this Order is
2 subject to the following Protective Order: Any documents or other information obtained
3 through the discovery authorized by this Order may not be disclosed to anyone other than
4 the parties and their counsel and law enforcement personnel conducting any criminal
5 investigations related to this matter. Neither the parties nor their counsel may contact in
6 any way—including, but not limited to, interviewing or otherwise communicating with—
7 any individual(s) identified as being associated with threats posted on The Gateway
8 Pundit's website until such time as (1) a Rule 16 scheduling conference is held in this
9 matter; **and** (2) law enforcement personnel conducting any criminal investigations related
10 to this matter have indicated that such contact will not impede their investigative abilities.
11   Dated this 14th day of December, 2022.

Honorable John J. Tuchi
United States District Judge