RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   CHARLES E. TRULLINGER (018936)
      THOMAS P. LIDDY (019384)
      JOSEPH J. BRANCO (031474)
      JOSEPH E. LA RUE (031348)
      PAMELA A. HOSTALLERO (026711)
      Deputy County Attorneys
      trullingc@mcao.maricopa.gov
      liddyt@mcao.maricoa.gov
      brancoj@mcao.maricopa.gov
      laruej@mcao.maricopa.gov
      hostallp@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Maricopa County*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| TPG Communications, LLC, d/b/a The Gateway Pundit, a Missouri limited liability company; and Jordan Conradson, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> Jack Sellers, Thomas Galvin, Bill Gates, Clint Hickman, and Steve Gallardo, in their respective official capacities as members of the Maricopa County Board of Supervisors; Stephen Richer, in his official capacity as the Maricopa County Recorder; Rey Valenzuela and Scott | NO. 22-CV-01925-JJT <br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Jarrett, in their official capacities as Maricopa County Election Directors; and Megan Gilbertson and Marcus Milam, in their official capacities as Maricopa County Communications Officers,

                Defendants.

Defendants Jack Sellers, Thomas Galvin, Bill Gates, Clint Hickman, and Steve Gallardo (in their official capacities as members of the Maricopa County Board of Supervisors), Stephen Richer (Maricopa County Recorder), Rey Valenzuela and Scott Jarrett (Maricopa County Election Directors) and Megan Gilbertson and Marcus Milam (Maricopa County Communications Officers) (together, where appropriate, the "County"), answer Plaintiffs Complaint by denying every allegation therein except as otherwise admitted or qualified as follows:

## **INTRODUCTION**

1. Paragraph 1 is denied.

2. Paragraph 2 is denied.

3. Paragraph 3 contains no allegations against Defendants and so no response is required. To the extent a response is required, Defendants do not have sufficient information to admit or deny and so deny for lack of information.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. The first sentence of Paragraph 7 is denied. Defendants admit that Conradson writes

articles that are published on the TGP website. The remainder of Paragraph 7 is denied for lack of sufficient information.

8. Defendants admit that the Maricopa County Elections Department requires a press pass to attend press conferences. Defendants deny that a press pass is required to investigate or report on the election process in Maricopa County, Arizona.

9. Defendants admit that Conradson requested a press pass. Defendants deny that TGP requested a press pass and deny the remainder of Paragraph 9.

10. Defendants admit that Conradson was denied a press pass for the reasons stated in the denial email sent to him on September 30, 2022, including that he was not a bona fide correspondent of repute in his profession because he does not avoid real or perceived conflicts of interest and is not free of associations that would compromise journalistic integrity or damage credibility. The remainder of Paragraph 10 is denied.

11. Paragraph 11 is denied for lack of sufficient information.

12. Paragraph 12 is denied.

**PARTIES**

13. Paragraph 13 is denied for lack of sufficient information.

14. Defendants admit that Jordan Conradson writes articles that are published on the TGP website. Defendants deny the remainder of Paragraph 14 for lack of information.

15. Defendants admit the first sentence of Paragraph 15 and admit that the Board of Supervisors is responsible for overseeing certain portions of elections conducted in Maricopa County. The remainder of Paragraph 15 is denied for lack of sufficient information.

16. Defendants admit the first sentence of Paragraph 16 and admit that the County Recorder is responsible for overseeing certain portions of elections conducted in Maricopa County. The remainder of Paragraph 16 is denied for lack of sufficient information.

17. Defendants admit the first sentence of Paragraph 17 and admit that they are responsible for overseeing certain portions of communications related to Maricopa County. The remainder of Paragraph 17 is denied for lack of sufficient information.

18. Defendants admit the first sentence of Paragraph 18 and admit that they are responsible for certain aspects of communication between Maricopa County and the press elections conducted in Maricopa County. Defendants admit that Megan Gilbertson is one of the persons who reviews press pass applications. Defendants deny that Marcus Milam is one of the persons who reviews press pass applications. The remainder of Paragraph 18 is denied for lack of sufficient information.

## **JURISDICTION AND VENUE**

19. Defendants admit that this court has jurisdiction to hear this case.

20. Defendants admit that venue is proper.

## **GENERAL ALLEGATIONS**

21. Paragraph 21 is denied for lack of sufficient information.

22. Defendants admit that ballots in Maricopa County were still being counted at the time Plaintiffs filed their Complaint. The remainder of Paragraph 22 is denied for lack of sufficient information.

23. Defendants deny Paragraph 23.

24. Defendants deny Paragraph 24 for lack of sufficient information.

25. Defendants deny Paragraph 25 for lack of sufficient information.

26. Defendants admit that TGP publishes online commentary. The remainder of Paragraph 26 is denied for lack of sufficient information.

27. Defendants admit that Maricopa County established a process for members of the press to enter its facilities and/or cover events related to the 2022 General Election. Defendants admit that the quote listed in Paragraph 27 is one of the sentences that describes the press pass policy.

28. Defendants admit Paragraph 28.

29. Defendants admit Paragraph 29.

30. Defendants admit that Conradson applied for a press pass on September 27, 2022. Defendants deny that TGP applied for a press pass. The remainder of Paragraph 30 is denied for lack of information.

31. Defendants admit that Conradson was sent a denial of the press pass application and that the quoted language is part of the denial email that was sent.

32. Defendants admit that Conradson continued to write articles about the election in Maricopa County after the press pass application was denied. The remainder of Paragraph 32 is denied for lack of sufficient information.

33. Defendants admit that Conradson entered the MCTEC building on November 10, 2022, and that because he did not have a press pass, he was asked to leave the building and move to a location outside the building were members of the public were allowed to be. The remainder of Paragraph 33 is denied.

34. Defendants admit that members of the press who were granted a press pass were

permitted to attend press conferences and to remain within specified areas of MCTEC. The remainder of Paragraph 34 is denied.

35. Defendants admit that Conradson was unable to attend press conferences after being denied a press pass. The remainder of Paragraph 35 is denied.

36. Defendants admit that Conradson transmitted an email purporting to appeal the denial decision. The remainder of Paragraph 36 is denied for lack of sufficient information.

37. Defendants admit that on November 10, 2022, one of the attorneys for TGP and Conradson, John C. Burns, transmitted a letter regarding the denied press pass. The remainder of Paragraph 37 is denied for lack of sufficient information.

38. Paragraph 38 is denied.

39. Defendants admit that Conradson had not been issued a press pass prior to the date Plaintiffs' complaint was filed. The remainder of Paragraph 39 is denied.[1]

**CLAIMS FOR RELIEF**
**FRST CLAIM FOR RELIEF**
**Violation of the U.S. Const., Amendment I under 42 U.S.C. § 1983**

40. Defendants incorporate their responses to the previous allegations as though set forth herein.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Defendants admit that Plaintiffs have a First Amendment right to publish opinions about the Maricopa County election process. The remainder of Paragraph 43 is denied.

---

[1] Defendants assume Paragraph 39 was intended to say "Plaintiffs" instead of "Defendants" where the allegation says that "Defendants have not issued press credentials to '*Defendants*,'" and where the allegation says "'*Defendants*' are unable to participate in press conferences. . . ."

44. Defendants admit that Conradson was denied a press pass and that Conradson could not access the MCTEC as a result. The remainder of Paragraph 44 is denied.

45. Paragraph 45 is admitted as to Plaintiff Conradson. Defendants deny that TGP applied for a press pass.

46. Paragraph 45 is denied.

47. Paragraph 46 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

In further answer to the Complaint, Defendants assert the following defenses and affirmative defenses.

1. Defendants alleges all affirmative defenses listed in Federal Rule of Civil Procedure 8(c), as well as any other affirmative defenses that may come to light during discovery, including but not limited to: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata,

statute of frauds, statute of limitations, waiver, and any other matter which constitutes an avoidance or affirmative defense.

2. Defendants allege all defenses listed in Federal Rule of Civil Procedure 12(b), as well as any other defenses that may come to light during discovery, including but not limited to: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

3. Defendants allege Plaintiffs failed to properly plead special matters pursuant to Federal Rule of Civil Procedure 9.

4. Plaintiffs have failed to mitigate their damages.

5. Plaintiffs have failed to sufficiently allege Constitutional violations against Defendants. Neither Defendants' actions nor inactions violated the federal constitutional rights of Plaintiffs.

6. Plaintiffs cannot demonstrate that any deprivation of constitutional rights occurred because of any officially adopted policy, practice or custom and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of Defendant. Further, Plaintiffs cannot establish that any policy, practice or custom proximately caused their alleged damages.

7. Defendants are entitled to absolute and/or qualified immunity.

8. Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defense. If it appears that any defense or affirmative defense is or may be applicable after Defendant has had the opportunity to conduct reasonable discovery in this

matter, Defendant will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38 and 57, Defendants demand a trial by jury on all issues triable by a jury.

**WHEREFORE**, having fully answered the Complaint, Defendants hereby request the following relief:

1. That this action be dismissed with prejudice as to Defendants, with Plaintiffs taking nothing and with Judgment entered in favor of Defendants;

2. That Plaintiffs be ordered to pay Defendants' costs and attorney fees; and

3. For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 30th day of December 2022.

                                 RACHEL H. MITCHELL
                                 MARICOPA COUNTY ATTORNEY

                                 BY: /s/ *Charles E. Trullinger*
                                         CHARLES E. TRULLINGER
                                         THOMAS P. LIDDY
                                         JOSEPH J. BRANCO
                                         JOSEPH E. LA RUE
                                         PAMELA A. HOSTALLERO
                                         Attorneys for Maricopa County Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John J. Tuchi
Judge of the United States District Court
Sandra Day O'Connor U. S. Courthouse Suite 525
401 West Washington Street SPC 83
Phoenix Arizona 85003 2161

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
ecf@randazza.com

David S. Gingras
GINGRAS LAW OFFICE, PLLC
David@GingrasLaw.com

John C. Burns
BURNS LAW FIRM
TBLF@pm.me
*Attorneys for Plaintiffs*
*TPG Communications, LLC and Jordan Conradson*


*/s/ D. Shinabarger*

S:\CIVIL\CIV\Matters\GN\2022\TGP Communications v. Sellers 2022-3214\Pleadings\Word\Defendant's Answer to TGP Complaint.docx