RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    CHARLES E. TRULLINGER (018936)
       THOMAS P. LIDDY (019384)
       JOSEPH J. BRANCO (031474)
       JOSEPH E. LA RUE (031348)
       Deputy County Attorneys
       trullingc@mcao.maricopa.gov
       liddyt@mcao.maricoa.gov
       brancoj@mcao.maricopa.gov
       laruej@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000
*Attorneys for Defendant Maricopa County*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TPG Communications, LLC, d/b/a The Gateway Pundit, a Missouri limited liability company; and Jordan Conradson, an individual,<br><br>                    Plaintiffs,<br><br>v.<br><br>Jack Sellers, Thomas Galvin, Bill Gates, Clint Hickman, and Steve Gallardo, in their respective official capacities as members of the Maricopa County Board of Supervisors; Stephen Richer, in his official capacity as the Maricopa County Recorder; Rey Valenzuela and Scott Jarrett, in their official capacities as Maricopa County Election Directors; and Megan Gilbertson and Marcus | NO. 22-CV-01925-JJT<br><br>**JOINT MOTION TO STAY PENDING RULING ON INTERLOCUTORY APPEAL** |

1
2

Milam, in their official capacities as
Maricopa County Communications
Officers,

3

                    Defendants.

4

5   The Parties, pursuant to Federal Rule of Civil Procedure 7 and LRCiv. 7.2, hereby

6   move for an order staying the above-captioned case until thirty days after the Ninth Circuit

7   Court of Appeals rules on the pending interlocutory appeal, as follows:

8
9   **I.      BACKGROUND**

10  On November 23, 2022, this Court issued an order denying Plaintiffs Corrected

11  Emergency *Ex Parte* Motion for a Temporary Restraining Order (Doc. 27). On November

12  28, 2022, Plaintiffs filed a Notice of Appeal of the interlocutory order (Doc. 28). On

13
14  November 30, 2022, Plaintiffs filed a Motion for an Injunction Pending Appeal (DktEntry

15  5-1), which was granted on December 5, 2022. (9th Cir. DktEntry 13). On January 12, 2023,

16  the Ninth Circuit Court of Appeals held oral argument on the pending appeal.

17  Pending before this Court is an order for the parties to participate in a telephonic

18
19  pretrial scheduling conference on February 21, 2023, at 9:00 a.m. (Doc. 37). The parties are

20  required to meet at least 21 days before the Pretrial Scheduling Conference in accordance

21  with Fed. R. Civ. P. 26(f).

22  **II.     ARGUMENT**

23
24  Based on issues raised during oral argument, both parties believe the Ninth Circuit

25  ruling will, at a minimum, narrow the issues going forward and possibly result in the parties

26  being able to reach a settlement. And if not, the ruling is likely to narrow the issues in this

27  Court, determine the scope of any discovery, and determine whether the parties will be able

28

to reach a settlement.

"The Court's authority to stay a proceeding is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Vargas v. Cnty. of Los Angeles*, No. CV 19-3279 PSG (ASX), 2021 WL 2403162, at *3 (C.D. Cal. May 5, 2021) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).

'*Landis* was decided specifically to guide courts deciding on whether to stay proceedings,' and it is the 'growing consensus of the district courts in this Circuit' to apply *Landis* when evaluating a motion to stay proceedings." *Perkins v. City of Anaheim*, No. 819CV00315JLSJDE, 2022 WL 2255013, at *2 (C.D. Cal. Feb. 2, 2022) (referencing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)).

> The *Landis* test counsels courts to consider 'the competing interests which will be affected by the granting or refusal to grant a stay,' including 'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'

*Perkins,* No. 819CV00315JLSJDE, 2022 WL 2255013, at *3 (C.D. Cal. Feb. 2, 2022).

In the present case, the delay caused by a stay should be minimal, as the Ninth Circuit is likely to rule relatively quickly. Both parties have an interest in staying the proceedings pending the interlocutory appeal and do not perceive any damage to themselves in doing so. To the contrary, since attorney fees can be granted pursuant to 42 U.S.C. §1988, it is in the interest of both parties to limit the amount of attorney fees incurred while the interlocutory appeal is pending. Judicial economy and limiting the issues is also likely to be

served by staying proceedings until thirty days after the Ninth Circuit rules on the pending appeal. This will give the parties an opportunity to discuss the legal issues remaining in this Court and determine whether settlement can be achieved.

### III.    **CONCLUSION**

Plaintiffs and Defendants hereby jointly move for an order staying proceedings in this Court until thirty days after the Ninth Circuit rules on the pending interlocutory appeal.

**RESPECTFULLY SUBMITTED** this 20th day of January 2023.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: */s/ Charles E. Trullinger*
       CHARLES E. TRULLINGER


RANDAZZA LEGAL GROUP, PLLC

BY: */s/ Marc J. Randazza (w/permission)*
       MARC J. RANDAZZA

GINGRAS LAW OFFICE, PLLC

BY: */s/ David S. Gingras (w/permission)*
       DAVID S. GINGRAS

BURNS LAW FIRM

BY: */s/ John C. Burns (w/permission)*
       JOHN C. BURNS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John J. Tuchi
Judge of the United States District Court
Sandra Day O'Connor U. S. Courthouse Suite 525
401 West Washington Street SPC 83
Phoenix Arizona 85003 2161

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
ecf@randazza.com

David S. Gingras
GINGRAS LAW OFFICE, PLLC
David@GingrasLaw.com

John C. Burns
BURNS LAW FIRM
TBLF@pm.me
*Attorneys for Plaintiffs*
*TPG Communications, LLC, and Jordan Conradson*

/J. Christiansen

S:\CIVIL\CIV\Matters\GN\2022\TGP Communications v. Sellers 2022-3214\Pleadings\Word PDF\Joint Motion to Stay Final.docx